# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DR. JOE MORRISON, *et al.*, } | |
| *Plaintiff(s)* } | |
| } | |
| v. } | CIVIL ACTION NO. H-98-0352 |
| } | |
| AMWAY CORPORATION, *et al.*, } | |
| *Defendant(s)* } | |

## MEMORANDUM OPINION AND ORDER

On September 15, 2005, the court granted, by sealed order, Defendants' motion to confirm and enter judgment on final arbitration award (Doc. 98). In doing so, it denied Plaintiffs' motion to vacate arbitration award and reinstate case (Doc. 89). Pending before the court is Defendants' motion to unseal final judgment (Doc. 139), Plaintiffs' motion for new trial and rehearing of motion to vacate arbitration award (Sealed Mot. 144) and Plaintiffs' motion for stay of execution of judgment pending disposition of plaintiffs' motion for new trial and rehearing of motion to vacate arbitration award (Sealed Mot. 145). The Parties have briefed the issues and the court has carefully considered their arguments. For the reasons set forth below, the court **ORDERS** that Defendants' motion is **GRANTED** and Plaintiffs' motions are **DENIED**.

A rule 59(e) motion questions the underlying substantive correctness of the court's ruling. *Willie v. Continental Oil Co.*, 746 F.2d 1041 (5th Cir. 1984). Reconsidering "a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem,* 367 F.3d 473, 479 (5th Cir. 2004). It should only be granted to correct manifest errors in law or fact. In so far as Plaintiffs' motion only rehashes issues already addressed by the court in its rulings, Plaintiffs' claims do not meet this high standard.

Defendants ask the court to unseal the Final Judgment and the Memorandum Opinion and Order so that it may be "abstracted pursuant to law." Defs.' Mot. at 2. In their response, Plaintiffs state that, "the confidentiality of these proceedings is not anything which Plaintiffs have ever been

interested in . . ." Given the strong public interest in open judicial proceedings, the Defendants' motion is granted.

## **CONCLUSION**

For the aforementioned reasons, the court orders that Plaintiffs' Motion for New Trial and Rehearing of Motion to Vacate Arbitration Award is **DENIED.** Defendants' Joint Expedited Motion to Unseal Final Judgment and Memorandum Opinion and Order is **GRANTED.**

**SIGNED** at Houston, Texas, this 4th day of October, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE