IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DR. JOE MORRISON, DAWN MORRISON, § <br> RANDY COUNCILL, JANET COUNCILL, § <br> RON GREEN, KAREN GREEN, § <br> VICTOR BROOK, CATHY BROOK, DAN § <br> HIGGINS, HELEN HIGGINS, RANDALL LAINE,§ <br> DIANE LAINE, RICHMOND EAGLE CORP., § <br> DAVE ROBERTS, ROSE ROBERTS, § <br> WARREN BIRD, DONNA BIRD, KYE YEAMAN,§ <br> WADE MCKAY, DEBBIE MCKAY, § <br> CLAY YOUNG, LISA YOUNG, LARRY § <br> ROGERS, SUZANNE ROGERS, FRANK § <br> MAZZOLA, KAREN MAZZOLA, ROBERT § <br> SCHMANSKI, DANA SCHMANSKI, HERBERT § <br> HAMILTON, MARILYN HAMILTON, § <br> ROBERT PRICE, BARBARA PRICE, § <br> DONALD MAY AND CELESTE MAY § <br> § <br> VS. § <br> § <br> AMWAY CORPORATION, DEXTER YAGER, § <br> INDIVIDUALLY AND D/B/A YAGER § <br> ENTERPRISES AND INTERNET SERVICES § <br> CORPORATION, JEFF YAGER, DONALD R. § <br> WILSON, INDIVIDUALLY AND D/B/A WOW § <br> INTERNATIONAL AND WILSON § <br> ENTERPRISES, INC., RANDY & VALORIE § <br> HAUGEN, INDIVIDUALLY AND D/B/A § <br> FREEDOM ASSOCIATES, INC., FREEDOM § <br> TOOLS, INC. AND ALL STAR PRODUCTION § <br> COMPANY, JOHN SIMS, INDIVIDUALLY AND § <br> D/B/A SIMS ENTERPRISES, RANDY & SUSAN § <br> WALKER, INDIVIDUALLY AND D/B/A § <br> WALKER, INTERNATIONAL, MARK & § <br> MARTHA HUGHES, JODY VICTOR, § <br> INDIVIDUALLY AND D/B/A JEVI § <br> CORPORATION, AND DENNIS JAMES § | C. A. NO. H-98-0352 |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
AND ALTERNATIVELY, RESPONSE TO DEFENDANTS' MOTION FOR STAY OF
HAMILTON PLAINTIFFS' CLAIMS PENDING ARBITRATION AND RESPONSE TO
<u>MOTION TO DISMISS THIRD AMENDED COMPLAINT</u>**

1. COME NOW, DR. JOE MORRISON, DAWN MORRISON, RANDY COUNCILL, JANET COUNCILL, DAN HIGGINS, HELEN HIGGINS, RON GREEN, KAREN GREEN, VICTOR BROOK, CATHY BROOK, RANDALL LAINE, DIANE LAINE, RICHMOND EAGLE CORP., DAVE ROBERTS, ROSE ROBERTS, WARREN BIRD, DONNA BIRD, KYE YEAMAN, WADE MCKAY, DEBBIE MCKAY, ROBERT PRICE, BARBARA PRICE, HERBERT HAMILTON, MARILYN HAMILTON, DONALD MAY, CELESTE MAY, FRANK MAZZOLA, KAREN MAZZOLA, LARRY ROGERS, SUZANNE ROGERS, ROBERT SCHMANSKI, and DANA SCHMANSKI, (collectively "Plaintiffs"), respectfully submit this Motion for Partial Summary Judgment or Alternatively, Response to Defendants' Motion for Stay of Hamilton Plaintiffs' Claims Pending Arbitration, and to Defendants' Motions to Dismiss Third Amended Complaint.

## I.

## CASE STATUS AND REASON FOR MOTION

2. This matter has a long history. It was originally filed in January, 1998, subsequently removed to this Court, abated by this Court pending arbitration. An arbitration was held, the arbitrator entered a multi-million dollar judgment against Plaintiffs, which Plaintiffs applied to this Court for relief in terms of setting aside of the award. After accepting jurisdiction by way of agreement over all parties, this Court denied the Motion to Set Aside and entered judgment against Plaintiffs. Plaintiffs appealed to the Fifth Circuit, which reversed and remanded in a finding relating to the unenforceability of the underlying arbitration agreement. The case has returned to this Court, and is set for trial in October. In the meantime, Defendants have filed Motions to Dismiss some of the Plaintiffs, to stay their claims pending arbitration. (Document

197). Defendants have further moved to dismiss the Third Amended Complaint (Document 199) which Plaintiffs were ordered to file.

3.  With this Motion, Plaintiffs seek to put to rest the notion that any of them, including the "Hamilton Plaintiffs" are in any way subject to arbitration, that their case should be stayed, or that their claims should be dismissed. The underlying arbitration agreement which is recited by Defendants in their Motion for Stay of Hamilton Plaintiffs' Claims Pending Arbitration is the exact same agreement that the Fifth Circuit has held to be illusory and unenforceable, causing this Court's judgment to be reversed. Under the doctrines of both *res judicata* and the law of the case, this Court is obligated to find this agreement unenforceable and to deny Defendants' Motion for Stay.

4.  Likewise, the attempt to dismiss Plaintiffs' case because of the assertion that the Petition is not specific enough should be overruled. Plaintiff's Third Amended Complaint, which is before the Court, is a lengthy document pleading facts in sufficient detail to put Defendants on notice of the nature of Plaintiffs' claims. To the extent there are concerns or questions concerning the nature of Plaintiffs' claims, Defendants have any number of vehicles with which to accomplish that end. First, this case has been tried once already, and there are no new issues brought to this court. Second, a party's pleadings are not required to outline every fact upon which a claim is based. Such is a ridiculous interpretation about rules for pleading. The Rules provide for discovery of facts to support a claim. Defendants have chosen not to do any discovery, beyond the extensive discovery accomplished prior to the arbitration hearing. The right of Defendants to complain, and their Motion to Dismiss should be denied.

5.  The efforts of Defendants to dismiss the Hamilton Plaintiffs because their claims were once pending in state court must be rejected. The ***Defendants long ago consented, through***

*judicial pleading admissions to the Hamilton Plaintiffs' joinder as parties.* This Court, itself, exercised jurisdiction over the Hamilton Plaintiffs and rendered a final judgment as to them, as well as the denoted Morrison Plaintiffs. Finally, the Plaintiffs and the Defendants represented, and the Fifth Circuit recognized, that the Hamilton Plaintiffs were parties to the ensuing appeal. The Fifth Circuit's opinion and judgment encompassed the Hamilton Plaintiffs. With their binding judicial admissions and no less than outright consent, the Defendants have waived "their" complaint as to the Hamilton Plaintiffs' joinder. The Defendants represented to this Court that in addition to having no objection to the Hamilton Plaintiffs' joinder as parties, that they would agree to let this Court's judgment (not the Texas proceedings) be binding for purposes of rendering final judgment as to the Hamilton Plaintiffs. And having agreed to the Hamilton Plaintiffs' joinder, the Defendants, obviously, did not appeal any issue that a state court judgment bound the Hamilton Plaintiffs. It is clear that the Defendants, otherwise, have patently waived any argument on *res judicata* under well-settled tenets of federal appellate law. Indeed, the doctrine should be applied to the benefit of the Hamilton Plaintiffs as it relates to the issue of the enforceability of the arbitration agreement.

## II.

## BACKGROUND

6. It is undisputed that the Hamilton Plaintiffs were named and identified parties to the arbitration and the final Award dated January 13, 2005. Further, this Court may recall that incident to this Court's prior decision to affirm and enforce the arbitration agreement, the Defendants filed a joint opposition to Plaintiffs' Motion to Vacate the Arbitration Award in 2005 (submitted under seal).[1] Incident thereto, the Defendants expressly represented to this Court they

---

[1] The Plaintiffs believe but cannot be certain this document is found at Court Document, approximately 97, 98 or 99 as the documents are not particularized because they are sealed. And while under seal, the Plaintiffs see no harm in

4

had no opposition to joinder of twenty-three (23) Plaintiffs ("The Hamilton Plaintiffs") as parties herein. In the Defendants' own words:

> The following 23 "plaintiffs" listed in the caption of "Plaintiffs' Motion to Vacate Arbitration Award and Reinstate Case on the Court's Active Docket" have never previously appeared in this case: Jay and Gayle Cutaia, Michael and Karen Cutaia, Anthony and Glinda Cutaia, Timothy and Marit Doucet, Randall and Diane Lane, Donald and Celeste May, Frank and Karen Mazzola, Phil Neely, Robert and Barbara Price, Larry and Suzanne Rogers, Dana and Robert Schmanski, and Clay and Lisa Young. Each of these people participated as a Claimant in the arbitration at issue. **Defendants have no objection to their participation as parties provided they are also subject to this Court's jurisdiction for purposes of confirming and entering judgment on the Final Award.**

*See* Defendants' Joint Opposition to Plaintiffs' Motion to Vacate Arbitration Award at p. 2, n. 3. (Emphasis supplied).[2] With no objection made and, indeed, outright consent, this Court readily assumed jurisdiction, accepted the Hamilton Plaintiffs as parties in this action, and rendered final judgment by confirming the arbitration award as to the Hamilton Plaintiffs. *See* Court Doc. 137.

7. The Defendants did not perfect any appeal to argue that the Hamilton Plaintiffs were not joined parties, or that *res judicata* barred their claims. To the contrary, the Plaintiffs, Defendants, and even the Fifth Circuit, identified the Hamilton Plaintiffs as parties to the appeal. Again, without objection, the Fifth Circuit Court of Appeals in its opinion, rendered its opinion reversing the District Court's opinion as to these very Plaintiffs, and sending all Plaintiffs aback to this court. Having previously consented to the Hamilton Plaintiffs' participation as parties, and only now faced with the Fifth Circuit's reversal, do the Defendants raise this objection.

---

disclosing three sentences of the Defendants' opposition, which are absolutely pivotal to this Court's decision and wholly irrelevant to the substantive issues that were subject of privacy concerns.

[2] The only Hamilton Plaintiffs sought to be named but not identified in the Defendants' judicial admissions are, ironically Herbert and Marilyn Hamilton. Stating this, Herbert and Marilyn Hamilton were identified as parties in the Final Arbitration Award, dated January 13, 2005, this Court's Final Judgment and as parties to the subsequent appeal. Their omission from the list in Defendants' prior motion was surely clerical.

5

## III.

## ARGUMENT AND AUTHORITIES

### A. The Defendants, Long Ago, Agreed and Admitted to the Party Status of the Hamilton Plaintiffs

8. The Fifth Circuit holds that a judicial admission in a party's pleadings or stipulations is deemed a formal concession binding on the party making it. *See Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 412 (5th Cir. 2002), *cert. denied*, 537 U.S. 1188, 123 S.Ct. 1254, 154 L.Ed.2d 1020 (2003); *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). A judicial admission has the effect of withdrawing a fact from contention. *See Martinez*, 244 F.3d at 476. It is deemed conclusive unless a court allows it to be withdrawn. *See id.* at 477.

9. In the case at bar, the Defendants, long ago, jointly represented to this Court that they agreed to the party status of the Hamilton Plaintiffs. The Defendants should be bound by such admissions and concessions. Better put, when it was convenient to them, the Defendants freely welcomed the Hamilton Plaintiffs as parties, and consented to this Court's jurisdiction and only now, having lost the appeal, wish to change their mind. As this Court would expect, this is not federal law. It is not fair. Having judicially admitted their consent to joinder of the Hamilton Plaintiffs as parties, the Defendants are now bound by their prior decision. The suggestion of Defendants in their Response that their agreement to include the Hamilton Plaintiffs was limited in any way is the first time this argument has been made—and conveniently so, given that the previous concessions bind them for all time.

10. Moreover, it is equally well settled that issues of improper joinder may be waived. *See United States of Am. v. Bermea*, 30 F.3d 1539, 1572 (5th Cir. 1994), *cert. denied*, 513 U.S. 1156, 115 S.Ct. 113, 130 L.Ed.2d 1077 (1995). *Res judicata*, as a affirmative defense, may also be waived. *See United States of Am. v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994)(*citing*

*Smacznaik v. Commissioner*, 998 F.2d 238, 242 (5th Cir. 1993)). By agreeing to the Hamilton Plaintiffs' joinder, and agreeing that this Court's jurisdiction and judgment—not the state court judgment—would bind the Hamilton Plaintiffs, the Defendants effectively and patently waived any complaint now that their joinder is improper based on abandoned claims of *res judicata*.

**B.     This Court Agreed and Entertained Jurisdiction Over the Hamilton Plaintiffs**

11.     Besides the Defendants having agreed to the joinder of the Hamilton Plaintiffs as parties, this Court, itself, expressly assumed jurisdiction over the Hamilton Plaintiffs. Jurisdiction does not change with the wind and the whim of the parties. Once conferred, and surely once conferred and not contested, jurisdiction is established. This Court may recall that its Final Judgment expressly identified the Hamilton Plaintiffs as governed by its final judgment. Prior to judgment, and at judgment, the Hamilton Plaintiffs were considered parties to the case.

**C.     The Appeal to the Fifth Circuit: The Hamilton Plaintiffs Were Recognized as Parties to the Appeal by the Plaintiffs, Defendants and the Court**

12.     Nothing changed in the ensuing appeal. In the appeal to the Fifth Circuit, both the Plaintiffs and the Defendants represented the Hamilton Plaintiffs as being parties to the appeal. The Fifth Circuit, itself, identified the Hamilton Plaintiffs as parties to the appeal. Finally, this Court may readily observe the Fifth Circuit's opinion found that all of the arbitration agreements, which necessarily included the Hamilton Plaintiffs, to be illusory and unenforceable. *See Morrison v. Amway Corp.*, 517 S.W.3d 248, 257 (5th Cir. 2008).

13.     Having agreed to the Hamilton Plaintiffs' joinder, and this Court's jurisdiction, the Defendants, obviously, brought no independent cross-appeal that the Hamilton Plaintiffs were barred by *res judicata*. *See* TEX. R. APP. P. 4(a)(3). By consenting to their joinder and pursuing no appeal on the *res judicata* issue, the Defendants must be presumed to have waived their renewed argument that the Hamilton Plaintiffs are not parties and are otherwise barred by the

7

state court proceedings under the doctrine of *res judicata*. Defendants obviously made the election, for their own presumed convenience. No other conclusion, remotely makes sense. As noted above, *res judicata*, as any other defense, is subject to waiver. The Defendants waived it here.

**D.     Regardless, the Fifth Circuit rejected the Defendants' *Res Judicata* Argument**

14.     One final issue should be noted. The Plaintiffs acknowledge that in the Defendants' briefing to the Fifth Circuit, they provided cursory briefing that the Hamilton Plaintiffs on *res judicata* solely on the issue of its affect on the enforceability of the underlying arbitration agreement—not on the standing of the parties to the appeal. *See* Appellees' Brief filed with the Fifth Circuit Court of Appeals in *Morrision*, p. 21. Stating this, and to the extent even remotely preserved, the law of the case acts to preclude the Defendants from now reurging *res judicata*.

15.     The law of the case doctrine precludes reexamination of issues of law or fact decided on appeal by a district court on remand. *See Crowe v. Smith*, 261 F.3d 558, 562 (5th Cir. 2001); *Conway v. Chemical Leaman Tank Lines, Inc.*, 644 F.2d 1059, 1061-62 (5th Cir. 1981). Pertinent here, the law of the case proscription applies regardless of whether the issue was decided explicitly or by necessary implication. *See Crowe*, 261 F.3d at 562; *Chemical Leaman Tank Lines, Inc.*, 644 F.2d at 1062. Contrary to the Defendants' unsupported suggestion that the issue of *res judicata* remains open as undecided by the Fifth Circuit, *see* Defendants' Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint at p. 8, n. 4, these rules are directly implicated here.

16.     The Defendants seek to reurge a *res judicata* argument, implicitly resolved by the Fifth Circuit in the *Morrison* opinion. If, as the Defendants contend, *res judicata* applied to bar the Hamilton Plaintiffs' claim, this necessarily would have provided the Fifth Circuit a dispositive

ground to resolve and conclude the Hamilton Plaintiffs' claims were barred clearly independent of the Fifth Circuit's ruling that the arbitration agreements were illusory and unenforceable and, thus, not barred. Accordingly, and as a matter of law, the issue was implicitly resolved against the Defendants and must be deemed the law of the case precluding this Court from revisiting the issue. On this final ground, and well-settled caselaw on point, the Defendants' *res judicata* argument as to the Hamilton Plaintiffs, must be summarily rejected.

### E.   The Plaintiffs Have Established Their Right to Amend to Name the Hamilton Plaintiffs

17.    As even the Defendants have readily acknowledged in their opposition, Federal Rule of Civil Procedure 15(a) evinces a bias in favor of freely granting leave to amend. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). While entrusted to the discretion of the district court, there must be a substantial reason found to deny a request for leave to amend. *See id.* The Fifth Circuit examines five considerations to determine whether leave to amend a complaint should be granted: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendment; 4) undue prejudice to the opposing party; and 5) futility of the amendment. Absent any of these factors, leave should be freely given.[3] *See id.*

18.    By meeting this Court's deadline to add new parties, the Defendants, obviously, do not claim undue delay. Instead, their primary argument is the amendment would be futile and is indicative of bad faith because this Court must give preclusive effect to the decision of the Texas state court under notions of *res judicata*. Ironically, Defendants essentially ignore the efforts at the Fifth Circuit entirely as though it didn't even relate to the Hamilton Plaintiffs, when it so

---

[3] Plaintiffs attach as Exhibit A, a proposed Second Amended Complaint (as Offered by Plaintiffs, Upon Motion for Rehearing, Incident to This Court's Order Denying Their Motion for Leave to File Plaintiffs' Second Amended Complaint), which they seek to file.

clearly did. Stating this, and as established herein, the Fifth Circuit equally recognizes that the defense—even of *res judicata* can, like other defenses, be waived.

20. That is exactly what occurred here. The Defendants: 1) welcomed the joinder of the Hamilton Plaintiffs; 2) welcomed this Court's jurisdiction over the Hamilton Plaintiffs through final judgment; and 3) again, welcomed the Fifth Circuit to resolve the Hamilton Plaintiffs' claims. Having never, themselves, appealed the alternative ground that *res judicata* barred the Hamilton claims, the Defendants only reurged the defense, having lost the appeal. The Defendants just cannot have it both ways: inviting their joinder and this Court's jurisdiction to resolve the Hamilton Plaintiffs' claim, and only upon losing the appeal, demanding that a state court judgment prevail. As a matter of law, common sense and fairness, the Defendants' *res judicata* defense has been summarily and affirmatively waived.

## IV.

## PLEADING SUFFICIENCY

20. Plaintiff's Third Amended Complaint (Document 191) is a 36 page document which outlines in detail facts and allegations relating to the various Defendants who are still in the lawsuit. There is a common set of facts which give rise to several and various causes of action. These matters are properly plead, are discernable, plead a prima facie case and a cause of action which gives proper notice to Defendants, and explain to anyone willing to read and discern, the plausibility and connection of the facts to the various causes of action. Defendants are not truly interested in more information in the pleadings in order to determine if a cause of action by Plaintiffs is actionable or not. Instead, Defendants are interested in essentially "nit picking" through the pleadings to complain about their sufficiency. These pleadings will never be sufficient to suit Defendants, because their interest is not to be placed on notice of the claims

themselves, but instead to find a never ending stream of technical objections so as to deny Plaintiff's their opportunity to try this case, once and for all. This Court has never ruled on or identified any portion of Plaintiff's pleadings which are allegedly deficient and do not state a proper cause of action, showing a plausible claim within the boundaries of the petition. Though the Plaintiffs' Third Amended Complaint is more than sufficient as it is, before this court should ever consider dismissing any cause of action because of alleged pleading defects, Plaintiffs should be given the opportunity to learn what in particular is in need of repair. The Motion to Dismiss should in all things be denied.

## V.

## CONCLUSION

20. This now 11 year old case should be decided on the merits, with all of the Plaintiffs having their proper day in court. Defendants' various efforts to prevent that day, which involve ignoring the ruling of the Fifth Circuit, ignoring their own agreement and concomitant waiver concerning jurisdiction, and their hyper technical criticisms of the adequacy of the Third Amended Complaint should be overruled, and partial summary judgment entered declaring that the claims of the Hamilton Plaintiffs may proceed in due course. In the interest of justice, the Defendants must be deemed to have waived any challenge to the joinder and party status of the Hamilton Plaintiffs because, Defendants, themselves expressly agreed and consented to the Hamilton Plaintiffs' party status through judicial admissions, throughout the appeal, and through many years. This Court and the Fifth Circuit presumably agreed, because both courts resolved the Hamilton Plaintiffs' claims. No prejudice or undue delay can remotely be shown by formally joining the Hamilton Plaintiffs in accordance with the timetables set by this very Court. Finally,

the Defendants, in a continued course of conduct at both the district court, and the Fifth Circuit, reflects a textbook case of waiver of any defense based on *res judicata*.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this Court overrule the Motion to Stay of Hamilton Plaintiffs' Claims Pending Arbitration, overrule Defendants' Motions to Dismiss Third Amended Complaint, or alternatively to enter a partial summary judgment so as to establish the right of all Plaintiffs, including the Hamilton Plaintiffs, to proceed in this litigation.

Respectfully submitted,

**PHILLIPS & AKERS, P.C.**

By: /s/ Brock C. Akers

Brock C. Akers
State Bar No. 00953250
3200 Phoenix Tower
3200 Southwest Freeway
Houston, Texas 77027
(713) 552-9595
FAX (713) 877-2531
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing instrument has been served in compliance with the Federal Rules of Civil Procedure on this 30th day of April, 2009.

*Brock C. Akers*

Brock C. Akers